■ THAMES REALTY Co., Appellant-Respondent, v DANIEL L. GRANT, Respondent-Appellant.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered January 27, 1986, which, inter alia, granted the motion of defendant tenant to dismiss the first cause of action to the extent of dismissing the claim of the plaintiff landlord for eviction, is unanimously modified, on the law, to the extent of denying defendant's motion and reinstating the first cause of action in its entirety, including the plaintiff's claim for eviction, and except as thus modified, otherwise affirmed, without costs.

In 1970, Mr. Daniel L. Grant (tenant) moved into apartment 3N, located in premises 21-23 Thames Street, New York County. It is undisputed that the tenant's apartment is rent controlled. The landlord of these premises is Thames Realty Co. (landlord).

Subsequently, in March 1985, the landlord commenced the instant action against the tenant in the Supreme Court. The complaint asserted two causes of action. The first cause of action alleged, in pertinent part, that the defendant did not occupy the subject apartment as his primary residence, and sought a declaratory judgment of nonprimary residence, a judgment of possession, and a warrant of eviction. The second cause of action sought use and occupancy payments equal to the fair rental market value of the subject apartment from March 1, 1985, which was the date that the defendant allegedly failed to comply with a notice of termination served upon him by the landlord, until the landlord actually obtained possession.

After the defendant served his answer, he moved to dismiss the complaint. In substance, this motion is based upon the contention that a landlord cannot assert a claim for eviction in the same action in which he seeks a declaratory judgment of nonprimary residence. The landlord opposed. Special Term, *inter alia,* granted the defendant's motion to the extent of dismissing the eviction claim from the first cause of action, and dismissed entirely the second cause of action for fair market value. Thereafter, both parties appealed.

Based upon the provisions of the 1983 Omnibus Housing Act (L 1983, ch 403), we find that Special Term erred in dismissing landlord's claim for eviction.

We have held that a landlord may seek a declaratory judgment of nonprimary residence and a judgment of possession and a warrant of eviction in the same action *(Ray v Dudley-Allen,* 129 Misc 2d 1011 [App Term, 1st Dept 1985], *affd* 125 AD2d 1016 [1st Dept 1986]; *Bayfield Dev. Co. v McLaughlin,* NYLJ, Apr. 29, 1986, at 6, col 2 [App Term, 1st Dept 1986], *affd* 125 AD2d 1014 [1st Dept 1986]). Accordingly, we modify Special Term's order only to the extent of reinstating the landlord's first cause of action in its entirety.

We have reviewed the other points raised by the landlord's appeal, and the defendant's cross appeal, and find them lacking in merit. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.